ON REHEARING
KUHN, J.
|sIn our October 10, 2008 decision, this court issued a writ of mandamus that directed the East Baton Rouge Police Department (“the BRPD”) and the Baton Rouge Parish Metropolitan Council (“the Metropolitan Council”) to make available to Capital City Press, L.L.C. d/b/a The Advocate (“Capital City Press”), within ten days of the finality of that opinion, a redacted copy of the BRPD Internal Affairs Division (“IAD”) files at issue. Plaintiffs-appellants, Capital City Press and Kimberly Vetter, filed an application for rehearing, asserting this court erred in setting forth the scope of the required redaction. In their application, appellants request that we revisit that portion of our decision “pertaining to the proper scope of [the] required redaction, to more clearly define the terms and conditions pertaining thereto ...” We grant the rehearing and reissue the writ of mandamus with modified instructions.
In our previous decision, we found that the BRPD, the Metropolitan Council, and the Intervenors [1] did not establish, as they had maintained, that the entirety of the *23 IAD records at issue is exempted from disclosure by the Public Records Act. Because we concluded, however, that it was necessary for the IAD records to be redacted prior to their release, our decision then outlined the information properly deemed confidential as follows:
[T]he following information contained in the IAD files was properly deemed confidential pursuant to La. R.S. 40:2532:1) personal information relative to the names, addresses, and identifying information of alleged victims, witnesses, and complainants, including the names of police officers who are complainants; 2) photographs of police officers or others; 3) any home addresses, home telephone numbers, social security numbers, and drivers’ license numbers; and 4) any medical information. Further, records pertaining to pending or 1 reasonably anticipated criminal litigation or arrest records that have not resulted in a final judgment of conviction are expressly exempt pursuant to La. R.S. 44:3 A(l) and (4)(a). Aso, records pertaining to status offenders, see La. R.S. 44:3 A(6), and official driving records are protected public records. See La. R.S. 44:3 G; La. R.S. 15:521 C. (Footnote omitted).
On rehearing, we first clarify that our instructions regarding redaction apply to the facts of the present case only and should not serve as a bright-line test for all future public records requests for IAD records. Next, we turn to appellants’ challenges to our interpretation of La. R.S. 40:2532 with respect to the facts of the instant case.
Appellants ask this court to more specifically define the nature of “medical information” that should be redacted. They contend, “As presently worded, this Court’s October 10, 2008, Judgment may be cited by police to keep secret any physical injuries that occur during an arrest or as a result of the police conduct under IAD investigation.” Appellants urge that medical information that is relevant to the IAD complaints and its resolution should be disclosed.
Athough we find that the chief of police properly exercised his discretion to protect the privacy interests of those individuals not under investigation, it was not our intent to shield from disclosure any medical information that is related to the alleged officer misconduct at issue. Accordingly, we modify our instruction regarding the redaction of medical information to provide that any medical information that is unrelated to the alleged officer misconduct at issue should be redacted from the IAD investigation records. If the medical information is related to alleged officer misconduct, that information should be disclosed after the redaction of the names, addresses, and any other identifying information regarding the alleged victims, witnesses, and complainants.
Appellants further contend that redacting information relative to victims, witnesses, and complainants is not authorized by the Public Records Act, La. R.S. |s44:l et seq. They claim there is no objectively reasonable expectation of privacy that attaches to the broad category of “personal information relative to the names, addresses, and identifying information of alleged victims, witnesses, and complainants.” They assert the redaction should be limited to information regarding “victims who are minors and victims of sex offenses” (La. R.S. 46:1844(W) and La. R.S. 44:3 A(4)(d)) and information regarding witnesses who are in some sort of protective custody of law enforcement authorities (La. R.S. 15:262) or who are “confidential sources” (La. R.S. 44:3 A(2)).
Appellants concede there is an objectively reasonable expectation of privacy that *24 outweighs any competing constitutional interest in disclosure of social security numbers and driver’s license numbers. They also concede that the home addresses and home telephone numbers of police officers under an IAD investigation are exempt from disclosure under La. R.S. 40:2532 and that the home telephone numbers and addresses of public employees are confidential where such individuals have chosen to maintain the confidentiality of that information under La. R.S. 44:11 A(l)-(3). They assert, however, that our October 10, 2008 judgment goes beyond the statutorily-authorized exemptions by protecting all home addresses and phone numbers.
If we were to accept appellants’ position with respect to these latter categories of information (information relative to victims, witnesses, complainants, home addresses, and home phone numbers), we would abrogate La. R.S. 40:2532, which authorizes that certain information may be deemed confidential. The Chief of Police’s exercise of this power is essential to effective law enforcement and for the protection of individual privacy rights. We cannot focus only on the rights of the public and the police officers under investigation, but must also recognize that the liberties of others might well be infringed upon if the identities of individuals and their personal information are disclosed at the conclusion of an IAD |f,investigation. Victims, witnesses, and complainants have a reasonable expectation of privacy, ie., the right to be let alone and to be free from unreasonable intrusions into their solitude and seclusion. See La. Const. Art. 1, § 5; Angelo Iafrate Const., L.L.C v. State ex rel Dep’t of Transp. and Dev., 03-0892, pp. 5-6 (La.App. 1st Cir.5/14/04), 879 So.2d 250, 255, writ denied, 04-1442 (La.9/24/04), 882 So.2d 1131. This reasonable expectation of privacy is embodied in La. R.S. 40:2532. Finding a reasonable expectation of privacy with respect to these categories of information in the instant case, we find these individuals’ privacy interests outweigh the interests of public records disclosure.
With respect to our instructions to redact “photographs of police officers or others,” appellants concede that La. R.S. 40:2532 exempts from disclosure the photograph of a police officer under investigation without his express consent, but they complain of the further redaction of the photographs of others. They assert that “in the case of completed IAD investigations, this could include photographs of people who have complained of police brutality,” urging “when a complaint has been made of police brutality the victim wants the world to know what happened.”
We do not agree with appellants’ assertion that all victims want the world to know they have been victimized. Again, based on the language of La. R.S. 40:2532, we believe that any personal or identifying information pertaining to the victims in these IAD investigation records is information properly deemed confidential. The need for protection of victims and other citizens who provide information to police investigators is a common thread inherent in all IAD investigations. The effectiveness of internal affairs investigations requires open and candid disclosure of information and expectations that privacy rights will be protected.
For these reasons, we modify our October 10, 2008 judgment to clarify that based on the IAD records presented in this case, medical information properly 17deemed confidential pursuant to La. R.S. 40:2532 is “any medical information unrelated to the alleged officer misconduct at issue in the IAD complaints under consideration.” In all other respects, our instructions for redaction remain the same as in our October 10, 2008 judgment. As such, we reissue the writ of mandamus, hereby directing *25 the BRPD and the Metropolitan Council within ten days of the finality of this opinion to make available to Capital City Press for inspection and copying, after redaction in accordance with our modified instructions pursuant to this rehearing, a redacted copy of the IAD files.
WRIT OF MANDAMUS REISSUED WITH MODIFIED INSTRUCTIONS.
PARRO, J., concurs.
GUIDRY, J., concurs in part and dissents in part and assigns reasons.
DOWNING, J., dissents.

. The Intervenors in this matter are the Baton Rouge Union of Police, Local # 237, AFL-CIO ("Local # 237”); Chris Stewart, a BRPD officer, appearing individually and as a representative of Local # 237; Joseph Bourgeois, a BRPD officer, appearing individually and as the district representative of the International Union of Police Associations, AFL-CIO; John Doe #1, #2, and # 3, BRPD officers whose rights and reputations are directly involved in the instant litigation; and Chris Nassif, an Alexandria police officer, who is the president of the Louisiana Union of Police Associations.